UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COREY GRANT,** | **Civil Action No. 22-6550 (SDW)** |
| Petitioner, | |
| v. | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before this Court is Petitioner Corey Grant's motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 ("2255 Motion"). (ECF No. 1). Respondent United States opposes the Petition. (ECF No. 6). This Court will determine the 2255 Motion on the briefs pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, this Court will grant the 2255 Motion.

**I. BACKGROUND**

Petitioner has an extensive procedural history both in this Court and the Third Circuit. Therefore, this Court recites only the history relevant to the present 2255 Motion.

On January 25, 1991, Petitioner was charged by a superseding indictment with conspiracy under the Racketeer Influenced and Corrupt Organizations Act (RICO) (Count I); racketeering (Count II); conspiracy to possess with intent to distribute cocaine (Count IV); possession with intent to distribute cocaine (Counts V and VI); and possession of a weapon in relation to a crime of violence or drug trafficking (Counts X and XI). *United States v. Grant*, 9 F.4th 186, 191 (3d

Cir. 2021) (en banc) ("*Grant II*"); *see also United States v. Grant*, No. 90-cr-0328 (D.N.J.) ("Crim. Case").[1]  Petitioner was 17 years old.  *Grant I*, 9 F.4th at 191.

In February 1992, Petitioner proceeded to trial as an adult.  *Id.*  The jury convicted Petitioner of the RICO conspiracy, racketeering, drug counts, and one gun possession count.  *Id.*  "As predicates for the RICO convictions, the jury found that Grant murdered Mario Lee and attempted to murder Dion Lee."  *Id.*  Petitioner was acquitted of one RICO-predicate murder, and the jury did not reach a verdict on the other murder charges.  *Id.*  The Sentencing Guidelines were mandatory at the time Petitioner was sentenced; therefore, the trial court sentenced Petitioner to a mandatory life sentence on Counts I and II, the RICO and racketeering convictions.  *Id.* at 192.  The trial court also included a concurrent 40-year term on the drug-trafficking counts (Counts IV-VI) and a mandatory 5-year consecutive term on the gun-possession conviction (Count XI).  *Id.*  The United States Court of Appeals for the Third Circuit affirmed Petitioner's convictions and sentence on direct appeal.  *United States v. Grant*, 6 F.3d 780 (3d Cir. 1993).  Petitioner's first § 2255 motion was denied as untimely.  *Grant v. United States*, No. 06-cv-5952, 2008 WL 360982 (D.N.J. Feb. 8, 2008).

On June 25, 2012, the Supreme Court held that mandatory life-without-parole sentences for juvenile homicide offenders violated the Eighth Amendment.  *Miller v. Alabama*, 567 U.S. 460 (2012).  Petitioner received permission from the Third Circuit to file a second or successive § 2255 motion in federal court pursuant to 28 U.S.C. § 2244(b)(3).  *In re Pendleton*, 732 F.3d 280, 283 (3d Cir. 2013).  Petitioner did so, and the Honorable Jose L. Linares, D.N.J., granted the motion

---

[1] This Court takes judicial notice of the public filings in Petitioner's criminal case.

on November 12, 2014. *Grant v. United States*, No. 12-cv-6844, 2014 WL 5843847, at *7 (D.N.J. Nov. 12, 2014). Judge Linares ordered that Petitioner receive a new sentencing hearing. *Id.*

Petitioner appeared before Judge Linares for resentencing on September 27, 2016 and was represented by David B. Glazer, Esq.("Counsel") (ECF No. 1-7 at 2-3). At the beginning of the resentencing hearing, Judge Linares asked the parties whether the sentencing should only address Counts I and II, the RICO and racketeering convictions, or whether it should encompass Counts IV, V, and VI, the drug and weapons offenses as well. (*Id.* at 7). Counsel argued that "this was all part and parcel of one sentence," and that Judge Linares should resentence Petitioner on all convictions. (*Id.* at 8-9). The United States argued that resentencing should be limited to Counts I and II because *Miller* applied only to the mandatory life-without-parole sentences imposed for those counts. (*Id.* at 14). Judge Linares ultimately concluded that Petitioner would only be resentenced on Counts I and II.

> In truth, it would be almost unfair to the system and unfair to [the sentencing judge] all of these years later for me to sort of sit in his shoes to figure out, with him having the feel of the case, having listened to the evidence of the distribution of the drugs, the extent of the drugs, the nature of the drug trafficking and enterprise that was involved here.
>
> The role that Mr. Grant played in the distribution of those drugs, he wasn't just a clocker as they referred to, the ones who were just selling drugs or just packaging the drugs. He did play an additional role in connection with this enterprise, the quantity of the drugs involved, the length of the conspiracy. All of that leads me to believe that there is nothing in the record before me that would indicate that this was some kind of clear manifest injustice by [the sentencing judge] with the

3

> sentence that he issued with regard to the drug conviction and/or the minimum sentence that he issued with regard to the gun conviction.
>
> Having said that, the issue then becomes what, if any, consideration should I give to the rest of the conduct by the defendant in determining what is an appropriate sentence in this case.

(*Id.* at 17). Judge Linares sentenced Petitioner to 60 years on Counts I and II and left in place the original 40-years concurrent term for the drug offenses and the mandatory 5-year consecutive term for the weapons offense. (ECF No. 1-8 at 4).[2]

Petitioner filed a timely appeal to the Third Circuit. He argued that the sentence violated the Eighth Amendment because it was a de facto life without parole sentence. *United States v. Grant*, 887 F.3d 131, 135 (3d Cir. 2018) ("*Grant I*"). He also argued that Judge Linares erred by failing to apply the sentence-packaging doctrine to the resentencing. *Id.* at 153-54. The panel concluded that Petitioner's resentencing violated the Eighth Amendment after *Miller*. *Id.* at 155. Two members of the panel found that Petitioner had not properly raised the sentence-packaging doctrine before Judge Linares and concluded that the argument failed under plain error review because "[t]he sentencing package doctrine provides a basis for a de novo resentencing when 'a *conviction* on one or more interdependent counts is vacated.'" *Id.* at 154 (quoting *United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010)) (emphasis in original).

Circuit Judge Cowen concurred in part and dissented in part. *Id.* at 155 (Cowen, J., dissenting in part). He agreed that the new sentence on Counts I and II violated the Eighth Amendment, but he dissented from the majority's conclusion that Petitioner did not raise the

---

[2] The amended judgment of conviction inadvertently stated that Petitioner received a 60-year sentence on Count IV, one of the drug offenses. (ECF No. 1-8 at 4). It is unnecessary to address this error further as this Court will grant the 2255 Motion and conduct a *de novo* resentencing.

4

sentencing-package doctrine before Judge Linares. *Id.* at 155-56. Petitioner requested and was granted en banc review.

The Third Circuit issued its en banc decision on August 16, 2021. *Grant II*, 9 F.4th 186. The majority reversed the panel's Eighth Amendment decision, concluding that "*Miller* only entitled Grant to a sentencing hearing at which the District Court had discretion to impose a sentence less than LWOP in view of Grant's youth at the time of his offenses. And that is what he received." *Id.* at 190. Eight circuit judges concluded that Petitioner had not raised the sentencing-package doctrine before Judge Linares and that the argument failed under plain error review. "The sentencing-package doctrine provides a basis for a *de novo* resentencing when a conviction on one or more of the component counts is vacated. The doctrine has been applied in our precedential opinions only to vacated convictions—not vacated sentences." *Id.* at 200 (internal quotation marks and citations omitted).[3] Accordingly, "any error in limiting Grant's resentencing to Counts I and II was not plain because it was not clear under current law." *Id.* (internal quotation marks omitted).

Circuit Judges Ambro and McKee joined the majority for its Eighth Amendment decision but dissented from its sentence-packaging decision. *Id.* at 212 (Ambro, J., dissenting in part). Circuit Judge Restrepo joined Judge Ambro's sentence-packaging dissent. (*Id.*) Judge Ambro stated that "[t]he sentencing package doctrine makes formal a 'common sense' proposition: When one or more interdependent counts of a multicount conviction are vacated, the judge should take a

---

[3] The majority noted that the Third Circuit had applied the sentencing-package doctrine to vacated sentences in two non-precedential opinions. *Grant II*, 9 F.4th at 200 n.5 (citing *United States v. Fumo*, 513 F. App'x 215 (3d Cir. 2013); *United States v. Brown*, 385 F. App'x 147 (3d Cir. 2010)).

5

fresh look at what remains at resentencing." *Id.* at 213. "I cannot think of any convincing reason to distinguish between vacated convictions and vacated sentences in this context." *Id.* at 214.

Petitioner filed this 2255 Motion on November 9, 2022. (ECF No. 1). He argues that he received ineffective assistance of counsel at sentencing when Counsel failed to raise the sentencing-package argument before Judge Linares and preserve the issue for appeal. (*Id.* at 2). He asks this Court to conduct a *de novo* resentencing. (*Id.*) The United States opposes the 2255 Motion, arguing that Counsel's performance did not violate the Sixth Amendment. (ECF No. 31).

## II. LEGAL STANDARD

"A defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence 'is otherwise subject to collateral attack[.]'" *United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018) (quoting 28 U.S.C. § 2255(a) (alteration in original)).

## III. DISCUSSION

"It is now firmly established that a defendant's constitutional right to effective representation extends to sentencing hearings." *United States v. Sepling*, 944 F.3d 138, 144 (3d Cir. 2019). To succeed on his ineffective assistance claim, Petitioner must first "show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). He must then show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. This Court must determine whether Counsel provided ineffective assistance by failing to

raise the sentencing-package doctrine before Judge Linares, thereby preserving the issue for appeal.  This Court finds that Petitioner has satisfied *Strickland* and has shown that he received ineffective assistance of counsel.

    **A.**    **Performance**

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Strickland*, 466 U.S. at 691.  At sentencing, that duty includes verifying the presentence report and ensuring the court has complete and accurate information.  *Sepling*, 944 F.3d at 145.

In this case, Counsel submitted a sworn declaration stating that he had "never dealt with the sentencing-package doctrine" and had "never even heard of the doctrine or the rule that it establishes" prior to Petitioner's 2016 resentencing hearing.  (Declaration of David B. Glazer, Esq., ECF No. 1-11 ("Glazer Dec.") ¶ 7.)  He further admitted that he "did not consider or research the sentencing-package doctrine" before submitting his sentencing brief to Judge Linares.  (*Id.* ¶ 8).  Counsel indicated that he first became aware of the doctrine only after the resentencing hearing and had never previously encountered it in his legal practice.  (*Id.*)  He acknowledged that he did not raise the doctrine during resentencing and offered no strategic rationale for that omission.  (*Id.*)

"It is critical that courts be 'highly deferential' to counsel's reasonable strategic decisions and guard against the temptation to engage in hindsight."  *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002).  That deference is inapplicable here, however, because Counsel concedes that his failure to raise the sentencing-package doctrine was not the product of strategy.  Moreover, "[t]he presumption that a trial counsel engaged in sound trial strategy dissipates … when an attorney has a demonstrated ignorance of law directly relevant to a decision."  *Meadows v. Lind*, 996 F.3d 1067, 1075 (10th Cir. 2021) (internal quotation marks omitted).  As the Supreme Court has emphasized,

"[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Hinton v. Alabama*, 571 U.S. 263, 274 (2014) (citing *Williams v. Taylor*, 529 U.S. 362, 395 (2000); *Kimmelman v. Morrison*, 477 U.S. 365, 385 (1986)); *see also Baker v. United States*, 109 F.4th 187, 196 (3d Cir. 2024) (citing *Hinton*); *United States v. Sepling*, 944 F.3d 138, 151 (3d Cir. 2019) (noting that sentencing counsel was ineffective for failing to undertake a reasonable inquiry into the applicability of the Guidelines to an unlisted substance).

The United States contends that Counsel's performance was reasonable in light of the facts of the case and the state of the law in September 2016. (ECF No. 31 at 3). It argues that Counsel cannot be deemed deficient for failing to anticipate a future change in the law. (*Id.* (citing *Maryland v. Kulbicki*, 577 U.S. 1, 4-5 (2015) (per curiam); *Smith v. Murray*, 477 U.S. 527, 535-36 (1986)). As the Third Circuit has noted, "only in a rare case" is it unreasonable under prevailing professional standards for an attorney to omit an objection that could not have succeeded under then-existing law. *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

This is not such a case. Persuasive authority, including in the Third Circuit, had recognized and applied the sentencing-package doctrine by September 2016. The doctrine was first formally recognized by the Third Circuit in *United States v. Davis*, 112 F.3d 118 (3d Cir. 1997). Moreover, the Third Circuit had issued two non-precedential opinions that applied the sentencing-package doctrine to vacated sentences by September 2016. *United States v. Fumo*, 513 F. App'x 215 (3d Cir. 2013); *United States v. Brown*, 385 F. App'x 147 (3d Cir. 2010).[4] The Tenth Circuit also

---

[4] To date, the Third Circuit has not addressed that question in a precedential opinion. *See United States v. Judge*, No. 24-1379, 2025 WL 289226, at *1 n.5 (3d Cir. Jan. 24, 2025) ("We have yet to determine precedentially whether the sentencing package doctrine applies when a *sentence* rather than a *conviction* is vacated.")(emphasis in original); *United States v. Junis*, 86 F.4th 1027,

applied the sentencing-package doctrine in this manner in *United States v. Catrell*, 774 F.3d 666 (10th Cir. 2014). While the United States correctly notes that *Catrell* was not binding on Judge Linares and that *Fumo* and *Brown* were non-precedential, these decisions nonetheless offered persuasive authority that should have been brought to the court's attention. In that context, Counsel's failure to investigate its potential applicability was unreasonable, especially given the doctrine's clear relevance to the resentencing hearing.

Furthermore, courts outside the Third Circuit have applied the sentencing-package doctrine in similar cases before Petitioner's resentencing. Other courts applying the sentence packaging doctrine to vacated sentences include the Seventh Circuit, *United States v. Martenson*, 178 F.3d 457, 462 (7th Cir. 1999) ("If the original sentence is vacated, the entire sentencing package becomes 'unbundled' and the judge is entitled to resentence a defendant on all counts."); the Eleventh Circuit, *United States v. Hernandez*, 145 F.3d 1433, 1440-41 (11th Cir. 1998) ("In accord with our established precedent, since we must vacate the sentence based upon status as a 'career offender' … we vacate the entire sentence and remand for resentencing."); and the Middle District of Florida, *Willits v. United States*, 182 F. Supp. 3d 1278, 1280-81 (M.D. Fla. 2016) (applying the sentencing-package doctrine on collateral review after part of the sentence was invalidated).

The Second Circuit has a "'default rule' favor[ing] a limited remand when we overturn a sentence without vacating an underlying conviction," but it "has recognized that, under certain circumstances—including where the reversal of a sentence 'undoes the entire knot of calculation'—*de novo* resentencing is required." *United States v. Gaye*, 76 F.4th 87, 91 (2d Cir.

---

1028 n.1 (3d Cir. 2023) (assuming in dictum and without analysis that the doctrine could apply but ultimately concluding that the sentences were not interdependent); *United States v. Norwood*, 49 F.4th 189, 202-03 (3d Cir. 2022) (noting there were "strong, commonsense arguments" for extending sentencing doctrine package but declining to decide as defendant's convictions were not interdependent).

9

2023) (quoting *United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013); *United States v. Quintieri*, 306 F.3d 1217, 1228 (2d Cir. 2002)). Additionally, the Supreme Court has suggested in dictum that the doctrine could apply after a vacated sentence. "Because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court when reversing one part of a defendant's sentence may vacate the entire sentence so that, on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 507 (2011) (cleaned up).

State courts also recognized the principle of the sentencing-package doctrine prior to Petitioner's resentencing. For example, the Supreme Court of Wyoming remanded a *Miller* case two years earlier with instructions that "the district court should weigh the entire sentencing package, and in doing so it must consider the practical result of lengthy consecutive sentences, in light of the mitigating factors of youth which have been set forth in this opinion, and in *Miller* … ." *Bear Cloud v. State*, 334 P.3d 132, 143 (Wyo. 2014) (footnote omitted). Other state courts include the Court of Appeals of Maryland, *Twigg v. State*, 133 A.3d 1125, 1128, 1141-42 (Md. 2016) (vacating sentence on one charge and remanding with note that "sentencing court has the discretion" to resentence on other charge because "the sentencing judge … is in the best position to assess the effect of the withdrawal and to redefine the package's size and shape … ."); the Court of Appeals of Minnesota, *State v. Hutchins*, 856 N.W.2d 281, 286 (Minn. Ct. App. 2014) ("The district court did not err in modifying [defendant's] burglary sentence on remand, because that sentence was part of a package with a sentence that was successfully challenged on appeal."); the Appellate Court of Connecticut, *State v. Arceniega*, 853 A.2d 586, 588 (Conn. App. Ct. 2004) (per curiam) (applying the "aggregate package approach" to cases "in which a sentence following a multicount conviction is deemed illegal or in which the sentence on one or more counts in a

multicount conviction is vacated …"); and the Supreme Court of Rhode Island, *State v. Goncalves*, 941 A.2d 842, 848 (R.I. 2008) ("[A] hearing justice who corrects an illegal sentence … may correct the entire initial sentencing package to preserve the originally intended sentencing scheme … .") Not all of these courts use the terminology of "sentencing-package doctrine." Rhode Island refers to it as "sentence re-bundling," *Goncalves*, 941 A.2d at 847, but a rose by any other name is still the sentencing-package doctrine. *See also United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) ("'Aggregate sentence' apparently was collateral speak for 'sentence package.'")

       This Court does not "imply that [Counsel] was constitutionally required to discover and utilize every one of these available resources," but "the aforementioned research illustrates the variety of [persuasive authority] at [Counsel's] disposal at the time of sentencing." *United States v. Sepling*, 944 F.3d 138, 150 (3d Cir. 2019). "Yet, it is apparent that he made absolutely no attempt to inform himself of such information or present it to the District Court." *Id.* This constitutes ineffective assistance of counsel. *See Moses v. Dist. Att'y Philadelphia*, 133 F.4th 251, 261 (3d Cir. 2025) ("Constitutionally effective assistance seldom requires counsel to make ingenious or pathbreaking arguments. It does, however, require counsel to make reasonable investigations of the law and to cite favorable decisions." (internal quotation marks omitted)); *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 169 (3d Cir. 2014) ("[I]f trial counsel's failure to raise a First Amendment challenge is attributable to an ignorance of the law, [defendant] would have a valid ineffective assistance claim."); *Jansen v. United States*, 369 F.3d 237, 244 (3d Cir. 2004) (concluding counsel was ineffective for failing to raise arguments based on readily available case law from other jurisdictions); *United States v. Otero*, 502 F.3d 331, 336 (3d Cir. 2007) ("We have specifically held that counsel's failure to cite favorable decisions from other courts of appeals indicates deficient performance.")

At the time of Petitioner's resentencing, courts were increasingly recognizing the importance of individualized sentencing for juvenile offenders given their unique characteristics and diminished culpability. *See, e.g., Montgomery v. Louisiana*, 577 U.S. 190, 208 (2016), *as revised* (Jan. 27, 2016) (holding that *Miller* was retroactive on collateral review and that "in light of 'children's diminished culpability and heightened capacity for change, … appropriate occasions for sentencing juveniles to [life without parole] will be uncommon"). Scholars have likewise documented widespread policy shifts following *Miller* and *Montgomery*. J.Z. Bennett *et al.*, *In the Wake of Miller and Montgomery: A National View of People Sentenced to Juvenile Life Without Parole*, 93 J. Crim. Just. 102199, 2 (2024) (noting the various implementation of policies after *Miller* and *Montgomery*), *available at* https://doi.org/10.1016/j.jcrimjus.2024.102199 (last visited Jul. 18, 2025).

In this evolving legal landscape, Counsel was obligated to investigate all available sentencing alternatives and to raise any legal or factual grounds that could support a more favorable outcome for Petitioner. The American Bar Association advises that defense counsel "should, at the earliest possible time, be or become familiar with all of the sentencing alternatives available to the court" and "should present to the court any ground which will assist in reaching a proper disposition favorable to the accused." ABA Standards for Criminal Justice Prosecution Function and Defense Function 4-8.1(a)–(b) (3d ed. 1993).[5] As the Third Circuit recently explained, "[f]ailing to raise obvious and potentially successful sentencing arguments is not a strategic choice for counsel—it is deficient performance." *Moses v. Dist. Att'y Philadelphia*, 133 F.4th 251, 261 (3d Cir. 2025). Counsel's failure to investigate or raise the sentencing-package doctrine at

---

[5] The Supreme Court has recognized that such professional standards are "guides to determining what is reasonable … ." *Strickland*, 466 U.S. at 688.

12

resentencing departed from these professional norms and fell below the standard of reasonable performance required under *Strickland*.

### B.     Prejudice

To satisfy the second *Strickland* prong, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Applying that framework, this Court concludes that Petitioner has adequately shown prejudice resulting from Counsel's failure to raise the sentencing-package doctrine during resentencing.

The sentencing-package doctrine recognizes that "a strong likelihood [exists] that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan." *Grant II*, 9 F.4th at 199 (quoting *United States v. Davis*, 112 F.3d 118, 122 (3d Cir. 1997)). Accordingly, "when a conviction on one or more of the component counts is vacated, common sense dictates that the judge should be free to review the efficacy of what remains in light of the original plan, and to reconstruct the sentencing architecture upon remand." *Id.* (cleaned up); *see also id.* at 214-15 (Ambro, J., dissenting in part) (noting that when "the conviction for count A is vacated, the remaining sentence for count B may not be what the court would have wanted if only count B was in dispute" as "the assumption on which the court relied to craft its sentence on count B no longer holds.")

However, Judge Linares proceeded from a different premise at resentencing. He expressed reluctance to disturb the original sentence on Counts IV through VI, stating: "It would be almost unfair to the system and unfair to [the sentencing judge] all of these years later for me to sort of sit in his shoes to figure out, with him having the feel of the case, having listened to the evidence of

13

the distribution of the drugs, the extent of the drugs, the nature of the drug trafficking and enterprise that was involved here." (ECF No. 1-7 at 17). Had Counsel raised the sentencing-package doctrine and supported the argument with relevant case law, there is a reasonable probability that Judge Linares would have approached the remand differently. Rather than focusing on fairness to the original sentencing judge, he may have instead considered "revisiting the overall sentencing plan after vacatur of a conviction ... to ensure that the punishment still fits both crime and criminal." *Grant II*, 9 F.4th at 199 (internal quotation marks omitted).

To be clear, this Court does not hold that Petitioner was entitled to a shorter sentence. It holds only that Petitioner should have had the opportunity to present the sentencing-package doctrine and the case law supporting it to Judge Linares. That opportunity was especially critical in the wake of *Miller*, which reshaped the legal framework for sentencing juvenile offenders. Counsel's failure to raise this argument prevented Judge Linares from reevaluating the sentence as a whole and instead led him to treat the original 40-year term as a fixed starting point. That omission undermines this Court's confidence in the outcome. *See Moses v. Dist. Att'y Philadelphia*, 133 F.4th 251, 259 (3d Cir. 2025) ("Counsel's performance is deficient when he or she fails to cite existing case law casting doubt on a trial court's decision to apply a sentencing enhancement.")

## IV. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

14

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

A certificate of appealability is unnecessary as this Court is granting Petitioner's 2255 Motion and a certificate of appealability is not required to preserve the United States's right to appeal. Fed. R. App. P. 22(b)(3). Therefore, this Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated above, this Court will grant the 2255 Motion and vacate Petitioner's amended judgment of conviction. The matter shall be scheduled for a *de novo* resentencing. This Court denies a certificate of appealability. An appropriate order follows.

Date: _____ July 24 _____, 2025

Hon. Susan D. Wigenton
United States District Judge