# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COREY GRANT,<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Civil Action No: 22-6550 (SDW)<br><br>**WHEREAS OPINION**<br><br><br>September 10, 2025 |

**WIGENTON**, District Judge.

      **THIS MATTER** comes before this Court upon Respondent United States's motion for reconsideration ("Motion") (ECF No. 41), filed in connection with this Court's July 24, 2025 Opinion and Order (ECF No. 40), and Petitioner's opposition to the Motion (ECF No. 42); and

      **WHEREAS** a party moving pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) for reconsideration of an order of this Court must file its motion within 28 days after the entry of that order. Fed. R. Civ. P. 59(e). The scope of such a motion "is extremely limited"; it is not "an opportunity to relitigate the case." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may only be granted if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks and italics omitted); and

**WHEREAS** Respondent argues that this Court should reconsider its order because it was required to conduct an evidentiary hearing before granting Petitioner's 28 U.S.C. § 2255 motion ("§ 2255 Motion") and because it misapplied *Strickland v. Washington*, 466 U.S. 668 (1984) in evaluating Petitioner's ineffective assistance of counsel claim, (ECF No. 41 at 1); and

**WHEREAS** this Court disagrees that an evidentiary hearing was required before granting Petitioner's § 2255 Motion.  A district court abuses its discretion only "if, in the face of disputes of material fact, it grants or denies a § 2255 motion without first holding an evidentiary hearing." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015).  Here, no such dispute existed.  The Third Circuit has already held that Petitioner's resentencing counsel failed to raise the sentence-packaging doctrine before Judge Linares.  *United States v. Grant*, 9 F.4th 186 (3d Cir. 2021) (en banc).  Counsel himself admitted that he "did not consider or research the sentencing-package doctrine" prior to submitting his resentencing brief.  (ECF No. 1-11 ¶ 8).[1]  Respondent likewise argued that this Court had the authority to deny the § 2255 Motion without an evidentiary hearing, necessarily implying that it did not believe any material facts were in dispute.  (ECF No. 31 at 12).  Moreover, Judge Linares himself granted Petitioner's prior § 2255 motion without conducting an evidentiary hearing.  *Grant v. United States*, No. 12-cv-6844 (D.N.J. Nov. 12, 2014).  Therefore, this Court concludes that no hearing was necessary; and

**WHEREAS** Respondent's other arguments in support of reconsideration fail to identify any intervening change in the relevant law, new evidence that was unavailable at the time this Court entered its order, or an error of fact or law that, if left uncorrected, would result in manifest

---

[1] Respondent's contention that this Court must determine when Gibbons PC—Petitioner's counsel on direct appeal as well as his current counsel—recognized the applicability of the sentencing-package doctrine is unavailing. (ECF No. 41 at 2). The issue under § 2255 was whether resentencing counsel rendered ineffective assistance, and because Gibbons PC did not represent Petitioner at resentencing, its understanding of the doctrine is irrelevant to the *Strickland* analysis.

injustice.  Respondent's disagreement with this Court's decision is not a basis for reconsideration. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001); and

**WHEREAS** this Court will set a date for resentencing and order the Probation Office to draft a new presentence report; therefore,

Respondent's Motion is **DENIED**.  An appropriate order follows.

*[signature]*
**SUSAN D. WIGENTON, U.S.D.J.**